# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANTHONY SIKORA,

    Plaintiff,

vs.                              Case No. 4:10cv164-SPM/WCS

LEON COUNTY JAIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is detained at the Leon County Jail and is proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. Doc. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order entered this day.

Plaintiff appears to have named four Defendants in this case: the Leon County Jail, the State of Florida, Sheriff Larry Campbell, and Governor Charlie Crist. Doc. 1., p. 1. However, it is also possible that Plaintiff intended to only name two of those Defendants because on page one of the complaint form he lists the first two Defendants, and on page two of the complaint form, he lists the second two Defendants. At any rate, it is clear that only two of those four Defendants may be

properly sued. A correctional facility or the jail is not a proper Defendant in a case brought under § 1983. The jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office. Mayes v. Elrod, 470 F.Supp. 1188, 1192 (N.D.Ill. 1979). The capacity of a governmental corporation to be sued in federal Court is governed by the law of the state in which the District court is located. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control. Pursuant to Chapter 30 of the Florida Statutes, Florida Sheriffs of their respective counties are subject to suit and may be sued under 42 U.S.C. § 1983. Ortega v. Schramm, 922 F.2d 684, 694 (11th Cir. 1991). Thus, the Jail must be dismissed as a Defendant.

Additionally, a suit against the State of Florida is not possible pursuant to 42 U.S.C. § 1983 either because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989). Furthermore, the State of Florida is immune from suit in this court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990). Accordingly, the State of Florida must be dismissed as a Defendant.

Plaintiff's claim in this case is that the jail uses plastic trays to serve food. Plaintiff is of the opinion that plastic food trays cannot be satisfactorily cleaned because, he surmises, the plastic would melt with water sufficiently hot to properly sterilize the trays. Doc. 1, p. 5. He also alleges that the trays cannot be cleaned properly because they have deep cracks. These conclusory claims are not sufficient to show that

Plaintiff's Eighth Amendment rights have been violated. Reusable plastic trays and utensils are commonly used to serve food and are easily cleaned in a dish washer. While it may be preferable to use trays without cracks, Plaintiff has not claimed that he has been harmed by the plastic trays nor has he alleged that the trays were given to him in unsanitary condition. Plaintiff's claim is frivolous and this case should be summarily dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on May 12, 2010.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**